Whisht, J.,
delivered the opinion of the Court.
The complainant alleges he is the creditor of Smiley, and that the defendant, Lea Shute, had taken and received usurious interest from him; the object of the bill is to recover the same in satisfaction of his debt. The Chancellor was of opinion complainant was entitled to relief, and so decreed. We do not see how we can sustain this decree. The act of 1844, ch. 182, provides that securities and creditors shall have the right in law or equity, to recover from any person who may have received usurious interest from the principal or debtor, the amount so received over and above lawful interest, in satisfaction of their debt or liability; and such unlawful interest in the hands of the usurer, shall be in all cases a fund to satisfy Iona fide creditors and securities; provided they shall, before they bring suit under the provisions of this act, be judgment creditors.
*548 The substance of this act is taken into the Code at section 1955, in these words: “ If usurious interest have been paid, the same may he recovered by action at the suit of the party from whom it was taken, or his representative; or it may be subjected, by any judgment creditor of such party, to the satisfaction of his debt.”
Now we apprehend that no creditor or security has made but a title to recover the usury until he has established his demand by judgment at law, or decree in equity. And that until this is done, his bill, or suit, for the usury, is wholly unwarranted. The debtor from whom the usury was taken, or his representative, may sue as owner; but what title has one alleging himself to be a creditor, until he has established his demand by judgment or decree ? None that we can perceive. Woods v. McGavock, 10 Yer., 133, 140; Esselman v. Wells and Ewing, 8 Hum., 482, 487.
The Chancellor was, no doubt, of this opinion, as the decree states the fact that the complainant was a judgment creditor of Smiley. But the assumption is unwarranted by anything in this record. The bill shows the contrary. It is, to be sure, stated that complainant, as the accommodation security or endorser of Smiley, in several judgments which had been rendered against them in the Circuit Court of Davidson county, had paid various sums of money, and that no part of the same had been repaid to him. And this is the extent of the allegation upon the subject. Erom this it will be seen that complainant is only a creditor by simple contract, and not by judgment. We are constrained, therefore, without considering the question of usury made in the record,, to reverse the decree of the Chancellor.